UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Criminal Case No. 17-cr-00135-RBJ

UNITED STATES OF AMERICA,

    Plaintiff,

v.

JERRELL BIRCH,

    Defendant.

---

### ORDER ON MOTION FOR COMPASSIONATE RELEASE

---

    Mr. Birch again, this time through counsel, moves for reduction of his sentence pursuant to 18 U.S.C. § 3582(c)(1)(A). ECF No. 843. The government opposes the motion. ECF No. 846. After considering the motion, response and reply, the applicable factors provided in 18 U.S.C. § 3553(a) and 18 U.S.C. § 3582(c)(1)(A), and the applicable policy statements issued by the Sentencing Commission, the Court now denies the motion for the following reasons:

    1.    Mr. Birch is a 32-year old gentlemen currently housed at USP Big Sandy in Inez, Kentucky. On March 9, 2018 Mr. Birch pled guilty to conspiracy to distribute and possess with the intent to distribute cocaine and/or cocaine base. ECF No. 453. On January 10, 2020 he was sentenced to a term of imprisonment of 96 months plus four years' supervised release. ECF No. 821. He received a substantial departure/variance below the Guideline range. His Guideline range was 188-235 months based on an Offense Level 31 and Criminal History Category VI. By the Court's count, he has served approximately 54% of the total sentence.

1

2.In support of his motion, Mr. Birch informs the Court that he has done well in the facility's RDAP program. He also informs the Court that on February 22, 2022 he learned that one of his children had been physically abused by the child's mother, resulting in the mother's surrendering her children to family members. The seven-year old child is now in the care of Mr. Birch's father, Terry Dunlap, and Mr. Dunlap's ex-wife (defendant's mother), Marla Birch. Mr. Dunlap and Ms. Birch have informed counsel's investigator that they can only care for the child in the short term due to work and financial reasons. Meanwhile, the child is having severe emotional issues at home and in school.

3.The government first notes that Mr. Birch has not demonstrated that he has exhausted his administrative remedies, thus failing to establish jurisdiction. Mr. Birch represented that he asked his case manager to file a request with the warden but was told that there was a backlog of requests, and that his would not receive priority due to the proximity of his scheduled release date. The government was unable to verify those facts, and the case manager could not recall the conversation that Mr. Birch described.

4.Further, the government indicates that although successful completion of the RDAP program would have made Mr. Birch eligible for a 12-month reduction of his sentence and release in April 2023, he was removed from RDAP for disciplinary reasons. Therefore, he is not eligible for release until April 2024. The government also reports that Mr. Birch lost 27 days of good time credit for fighting, and also had a write-up for failing to obey an order.

5.The government acknowledges that the situation with the child is tragic, but it contends that it is not an extraordinary and compelling reason to reduce the sentence within the meaning of the statute and regulations. Moreover, Mr. Birch had custody of the same child when

he was arrested, because the child's mother was in a halfway house at that time.  He knowingly put his family at risk when he engaged in the offense.

6. The government also reminds the Court, in the context of assessing the 18 U.S.C. §3553 factors, that Mr. Birch was the lead defendant in a multi-defendant indictment involving the trafficking of cocaine and cocaine base.  Although the substantial departure from the Guideline range was appropriate, the government argues that further reduction at this time would undermine the goals of the § 3553(a) factors.

7. Finally, the government notes the absence of a meaningful reentry plan and the risks to the community if Mr. Birch were released onto the street without a phased reentry through a halfway house.

8. In reply, Mr. Birch provides the Court with an Inmate Request to Staff dated March 13, 2022, in which he requests that the warden grant a compassionate release.  ECF No. 847-1.  The request is based on changes in sentencing procedures that he claims would have resulted in a shorter sentence had they been applicable at the time; and his son's situation; and his proposed plan to live with his mother in Aurora, Colorado and to work at Woody's Restaurant as a cook once he is released.  He indicates that he has received no response to the request.  He also provides an explanation for his removal from the RDAP program., and he claims that his two write-ups occurred at another facility while he was dealing with threats and safety issues due to his cooperation with the government in this case.  He adds that his parents "continue to struggle to care for [his child] and there is serious concern that he may end up in foster care."

9. Based on the reply, I find that he has exhausted his administrative remedies.

10. However, I find that Mr. Birch has not provided an extraordinary or compelling reason for a compassionate reduction of his sentence. Mr. Birch was the main figure in a huge cocaine/crack cocaine distribution conspiracy. He leads the list of fourteen defendants (one of which is his father, Terry Dunlap). Issues with the child's mother were ongoing when Mr. Birch participated in this offense. His lengthy criminal history includes one juvenile adjudication at the felony level and four prior adult felonies, at least two of which involved weapons. He nevertheless received a very substantial reduction of the imprisonment portion of his sentence, well below the Guideline range. When given a chance to participate in RDAP, and thus get the benefit of the program and a 12-month reduction of his sentence, he failed to complete the program due to disciplinary reasons. I cannot help but be sympathetic to the situation involving his son, who is in a sense another victim of Mr. Birch's and the child's mother's conduct. However, I do not find that it is an extraordinary and compelling reason to reduce what was a very fair sentence. Being temporarily in the care of Mr. Birch's parents or foster care might not be ideal, but the child is nevertheless being cared for.

## ORDER

For the reasons discussed in this order, defendant's motion for a compassionate release, ECF No. 843, is DENIED.

Dated: July 18, 2022

By the Court

R. Brooke Jackson
U.S. District Court Judge